RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9/11/13
    JPB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | | |
|---|---|---|
| ERROL GEORGE BRYAN, JR.<br>Petitioner | CIVIL ACTION (b)<br>NO. 1:13-CV-00632 | |
| VERSUS | | |
| JANET NAPOLITANO, et al.,<br>Respondents | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK | |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Errol George Bryan, Jr. ("Bryan") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on March 27, 2013. Bryan contends he has a mental disability which renders him mentally incompetent to understand the removal proceedings which were initiated on June 24, 2011 by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). Bryan's sole requested relief is for release from custody.[1] At the time of filing his petition, Bryan was detained in the LaSalle Detention Facility in Trout, Louisiana (Doc. 1).

The Respondents show, through an affidavit by Kathy Perez, the ICE deportation officer who last supervised Bryan, that an

---

[1] This court has jurisdiction over Bryan's habeas petition since he does not challenge a final administrative order of removal. See Toledo-Hernandez v. Mukasey, 521 F.3d 332, 333 (5th Cir. 2008), citing Rosales v. Bureau of Immigration and Customs Enforcement, 426 F.3d 733, 736 (5th Cir.2005), cert. denied, 546 U.S. 1106, 126 S.Ct. 1055 (2006).

Immigration Judge terminated Bryan's removal proceedings on June 25, 2013 due to Bryan's mental incompetence (Doc. 8, Ex.).

The Respondents filed a motion to dismiss the petition (Doc. 8), contending that Bryan was released on June 26, 2011 and that the DHS has opted not to exercise its right to appeal the Immigration Judge's decision, thus affording Bryan all the relief he requested in his habeas petition.

Since Bryan has been afforded the relief sought in his habeas petition, his petition should be dismissed as moot.[2]

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Bryan's habeas petition be DENIED AND DISMISSED WITH PREJUDICE AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and

---

[2] It is further noted that Bryan failed to apprise the court of his change of address. Mail sent to Bryan by this court on July 5, 2013 was returned, marked undeliverable and "unable to forward" on August 1, 2013 (Doc. 10). Local rule LR41.3W provides that the failure of a pro se litigant to keep the Court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the Court for the reason of an incorrect address and correction is not made to the address for a period of 30 days. Since Bryan failed to inform the court of his address change within 30 days after his mail was returned to the Clerk of Court, and has made no inquiry about this case nor attempted in any way to further prosecute the case, this case could also be dismissed without prejudice for failure to prosecute pursuant to LR41.3W and Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the Court and under the Court's inherent power to control its own docket. Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.734 (1962); Rogers v. Kroger Co., 669 F.2d 317, 320-21 (5th Cir. 1982).

Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this _____ day of September 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE